## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT PADUCAH
## CIVIL ACTION NO. 5:06CV-P45-R

**WASIM ISLAMIC JIHAD**                                                                      **PLAINTIFF**

**v.**

**WARDEN THOMAS SIMPSON** *et al.*                                         **DEFENDANTS**

### OPINION

Seeking damages and injunctive relief,[1] Plaintiff Wasim Islamic Jihad, a convicted inmate incarcerated at the Kentucky State Penitentiary ("KSP"), filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 against KSP Warden Thomas L. Simpson, KSP Unit Director Joe Dunlap, and KSP Grievance Coordinator Patti Treat. Because the plaintiff is a prisoner suing government officials, the Court must screen the complaint pursuant to 28 U.S.C. § 1915A prior to service of the complaint on the defendants. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the instant action will be dismissed.

### I.

Under 28 U.S.C. § 1915A, this Court must review the instant action. Upon review, this Court must dismiss "the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b). A complaint may be dismissed as frivolous under § 1915A if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted

---

[1] The plaintiff seeks monetary and punitive damages in the amount of $5,000 each and an injunction prohibiting vague and unclear regulations and ordering the defendants to define "disturbance."

"only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). In reviewing a complaint under this standard, the Court must accept all factual allegations contained in the complaint as true and must also construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## II.

### A. Claims Against Grievance Coordinator Patti Treat

The plaintiff asserts two claims against Defendant Treat. He first claims that she violated his Fourteenth Amendment due process rights by arbitrarily and unfairly rejecting his grievance (No. 06-03-033-G) as non-grievable on March 27, 2006. He claims that he was grieving an institutional regulation, which he claims is a grievable issue, not an incident report, which he seems to concede is not a grievable issue. Second, the plaintiff alleges that Defendant Treat's rejection of his grievance was in retaliation for the filing of an earlier-dated lawsuit, Civil Action 5:06CV-6-R, and in an attempt to hinder his compliance with the Prison Litigation Reform Act.

#### 1. Due Process

As to the Fourteenth Amendment due process claim, prison inmates do not have a constitutionally protected right to a grievance procedure. *Jones v. North Carolina Prisoners' Labor Union*, 433 U.S. 119, 138 (1977) (Burger, J., concurring) ("I do not suggest that the [grievance] procedures are constitutionally mandated."); *Walker v. Mich. Dep't of Corr.*, 128 Fed. Appx. 441, 2005 WL 742743, at *3 (6th Cir. Apr. 1, 2005) ("All circuits to consider this issue have also found that there is no constitutionally protected due process right to unfettered access to prison grievance procedures."). And if prisoners do not possess a constitutional right to a grievance procedure, then they certainly do not have a claim premised on an ineffective procedure.

*LaFlame v. Montgomery County Sheriff's Dep't*, No. 00-5646, 2001 WL 111636, at *2 (6th Cir. Jan. 31, 2001) (holding that inmate "cannot premise a § 1983 claim on allegations that the jail's grievance procedure was inadequate because there is no inherent constitutional right to an effective prison grievance procedure") (citing *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir.1996)); *Spencer v. Moore*, 638 F. Supp. 315, 316 (E.D. Mo. 1986) (holding that if the prison provides a grievance process, violations of its procedures do not rise to the level of a federal constitutional right).  Therefore, even if, in rejecting the plaintiff's grievance, Defendant Treat failed to follow the grievance procedure, this failure does not give rise to a § 1983 claim.  *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982).

The Court further notes that the plaintiff has not shown that he has been prevented from seeking redress in federal court due to the rejection of the grievance.  So long as the plaintiff complied with KSP's "deadlines and other critical procedural rules," *Woodford v. Ngo*, -- U.S. --, 126 S. Ct. 2378, 2386 (2006), then administrative remedies would no longer be "available" to him entitling him to proceed to federal court.  *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . until such administrative remedies as are *available* are exhausted.") (emphasis added).

Because the plaintiff has failed to state a cognizable due process claim against Defendant Treat, that claim will be dismissed.

**2.  Retaliation**

"A retaliation claim essentially entails three elements:  (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two–that is, the adverse action was motivated at least in part

3

by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc).

While the filing of a non-frivolous, conditions-of-confinement lawsuit is protected conduct, the plaintiff voluntarily dismissed Civil Action 5:06CV-6-R, prior to this Court's initial screening of the complaint under § 1915A. Consequently, the Court cannot conclude that the dismissed civil action is not frivolous and thus protected conduct. Additionally, the Court cannot conclude that the rejection of the plaintiff's grievance is an adverse action that would deter a person of ordinary firmness from filing a non-frivolous lawsuit. Finally, the plaintiff has provided no facts suggesting a causal connection between the filing of Civil Action No. 5:06CV-6-R and the rejection of his grievance.

For these reasons, the plaintiff has failed to establish a retaliation claim, and that claim will be dismissed.

### B. Claim Against Unit Director Joe Dunlap

Defendant Dunlap, claims the plaintiff, violated his due process rights by punishing him for conduct that is prohibited by a vague and unclear regulation that fails to define the term "disturbance."

"Prisoners claiming a due process violation under the Fourteenth Amendment must demonstrate that they have been deprived of a protected liberty or property interest by arbitrary governmental action." *Williams v. Bass*, 63 F.3d 483, 485 (6th Cir. 1995). Here, the plaintiff wholly fails to allege a protected interest of which he was deprived. He alleges only that Defendant Dunlap punished him. The Court does not know when the plaintiff was punished, how he was punished, how long he endured this alleged punishment, or any other circumstances surrounding the punishment. And "[d]iscipline by prison officials in response to a wide range of

4

misconduct falls within the expected perimeters of the sentence imposed by a court of law." *Sandin v. Conner*, 515 U.S. 472, 485 (1995).

Furthermore, "[i]t is not enough for a complaint under § 1983 to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings." *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). A complaint must contain "'either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)). Allegations premised upon mere conclusions and opinions, such as those advanced by the plaintiff, fail to state an adequate claim. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987); *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983) (finding that bare and conclusory allegations that a defendant personally deprived a plaintiff of constitutional or statutory rights are insufficient to state a cognizable claim).

As the plaintiff has failed to articulate a cognizable due process claim against Defendant Dunlap, that claim will be dismissed.

### C. Claim against Warden Simpson

The plaintiff finally contends that Defendant Simpson "as Warden allow's this unconstitutional vague rule so he is violating my Fourthteenth Due Process right's as well." As with Defendant Dunlap, the plaintiff fails to allege any facts attributable to Defendant Simpson and thus, under even the most liberal of constructions, fails to set forth a cognizable claim. Further, to the extent the plaintiff is attempting to hold Defendant Simpson liable in his capacity as warden, the doctrine of respondeat superior, or the right to control employees, does not apply in §

5

1983 actions to impute liability onto supervisors, *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978), and the plaintiff has failed to demonstrate that Warden Simpson "implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of [any] offending subordinate." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (finding no supervisory liability where prisoner's "only allegations against [prison officials] involve their denial of his administrative grievances and their failure to remedy the alleged retaliatory behavior"); *Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988) ("At best, she has merely claimed that the appellants were aware of alleged harassment, but did not take appropriate action.  This is insufficient to impose liability on supervisory personnel under § 1983.").

   Accordingly, the due process claim against Defendant Simpson will be dismissed for failure to state a claim upon which relief may be granted.

   The Court will enter an Order consistent with this Opinion.

Date:

cc:  Plaintiff, *pro se*
    Defendants
    General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4413.005